**UNITED STATES DISTRICT COURT**
**NORTHERN DISTRICT OF NEW YORK**
_____

**JAMES NELSON,**

                                                    **Plaintiff,**

              **vs.**                                                              **1:25-cv-00524**
                                                                                        **(MAD/ML)**
**WSWHE BOCES,**

                                                    **Defendant.**
_____

**APPEARANCES:**                          **OF COUNSEL:**

**JAMES NELSON**
1019 State Route 196
Hudson Falls, New York 12839
Plaintiff *pro se*

**Mae A. D'Agostino, U.S. District Judge:**

## MEMORANDUM-DECISION AND ORDER

## I. INTRODUCTION

On April 29, 2025, Plaintiff James Nelson commenced this action *pro se*, asserting various

claims arising out of his employment at Defendant WSWHE BOCES.  Dkt. No. 1.  Plaintiff

brings these claims pursuant to Title VII of the Civil Rights Act of 1964 ("Title VII"), the

Americans with Disabilities Act ("ADA"), the Occupational Safety and Health Act ("OSHA"), the

Fair Labor Standards Act ("FLSA"), and the New York State Human Rights Law ("NYSHRL").

*See id.*

On September 17, 2025, Magistrate Judge Miroslav Lovric issued an Order and Report-

Recommendation ("R&R") granting Plaintiff's application to proceed *in forma pauperis* ("IFP")

and recommending that the Court: (1) require Defendant to answer or respond to (a) Plaintiff's

1

Title VII retaliation claim related to the alleged adverse actions of inaccurate negative evaluations, assignment to less favorable tasks, assignment of additional duties, and a change in the hours that he was assigned to work, and (b) Plaintiff's FLSA retaliation claim; (2) dismiss, with leave to replead, Plaintiff's claims (a) pursuant to the ADA, (b) pursuant to the NYSHRL, (c) pursuant to Title VII alleging discrimination, (d) pursuant to Title VII alleging a hostile work environment, and (e) pursuant to Title VII alleging retaliation based on his termination; and (3) dismiss, without leave to replead, Plaintiff's OSHA claim. *See* Dkt. No. 5 at 22. Plaintiff filed objections to the R&R on October 1, 2025. Dkt. No. 6. For the reasons set forth below, the R&R is adopted as modified by this Memorandum-Decision and Order.

## II. BACKGROUND

For a full recitation of the factual background, the Court refers the parties to Magistrate Judge Lovric's R&R. *See* Dkt. No. 5 at 1-4.

## III. DISCUSSION

**A.    Standard of Review**

When a party files specific objections to a magistrate judge's order and report-recommendation, the district court makes a "de novo determination of those portions of the report or specified proposed findings or recommendations to which objection is made." 28 U.S.C. § 636(b)(1). When a party declines to file objections or files "[g]eneral or conclusory objections, or objections which merely recite the same arguments presented to the magistrate judge," the court reviews those recommendations for clear error. *O'Diah v. Mawhir*, No. 9:08-CV-322, 2011 WL 933846, *1 (N.D.N.Y. Mar. 16, 2011) (citations and footnote omitted). After appropriate review, "the court may accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate judge." 28 U.S.C. § 636(b)(1).

For a plaintiff's complaint to meet the federal pleading standard, the plaintiff need only plead "a short and plain statement of the claim," *see* Fed. R. Civ. P. 8(a)(2), with sufficient factual "heft to 'sho[w] that the pleader is entitled to relief[,]'" *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 557 (2007). Under this standard, the pleading's "[f]actual allegations must be enough to raise a right to relief above the speculative level," *id.* at 555 (citation omitted), and present claims that are "plausible on [their] face," *id.* at 570. "The plausibility standard is not akin to a 'probability requirement,' but it asks for more than a sheer possibility that a defendant has acted unlawfully." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (citation omitted). A complaint that "pleads facts that are 'merely consistent with' a defendant's liability" generally does not meet the pleading standard. *See id.* (quoting *Twombly*, 550 U.S. at 557). However, complaints by *pro se* parties must receive a more liberal construction than those filed by attorneys. *See Erickson v. Pardus*, 551 U.S. 89, 94 (2007). As such, this Court "must construe [a *pro se* complaint] broadly, and interpret [it] to raise the strongest arguments that [it] suggests." *Weixel v. Bd. of Educ.*, 287 F.3d 138, 146 (2d Cir. 2002) (citation omitted).

## B.    Plaintiff's Objections

As an initial matter, Plaintiff's objections state that "[t]he report is not completely accurate and it sounds like I'm being made out to be someone just doing this for monetary gain." Dkt. No. 6 at 1. "This bare statement, devoid of any reference to specific findings or recommendations to which [Plaintiff] object[s] and why, and unsupported by legal authority," is not a cognizable objection to Magistrate Judge Lovric's R&R. *Mario v. P & C Food Mkts., Inc.*, 313 F.3d 758, 766 (2d Cir. 2002).

Plaintiff also asserts nine numbered points. First, Plaintiff states that he has seen "cameras in both Sandford [sic] street school and SAEC BOCES," and that "[t]hey know what happen[ed]

at sandford [sic] street to be factual." Dkt. No. 6 at 1. Plaintiff also contends that he believes

Defendant is "in violation of Title IX[,] FAFSA, CEP (Community Eligibility Provision), Direct

Student Loans, Pell Grants, Workforce Investment [Act], SEOG, others, they accept federal

funding." *Id.* Also, within point one, Plaintiff states that his "SA [which the Court understands to

mean "sexual assault"] was reported to HR to investigate. Kate A, told me to not tell anyone or I

can be punished up to termination for breach of confidentiality." *Id.* Second, Plaintiff argues that

the R&R "assumes the Blake incident was related to the Sanford Street incident's, for me. No, the

Blake incident was part of the hostile workplace claim."[1] *Id.* Third, Plaintiff reiterates his

allegations regarding his lung infection diagnosis, allegedly caused by harmful debris and

aromatics used by teachers within the school. *See id.* Fourth, Plaintiff states he was "not happy

with the change in hours and what not." *Id.* at 1-2. Fifth, Plaintiff adds allegations that there is an

elderly woman who works at the Sanford Street school who is treated in a manner with which

Plaintiff disagrees. *See id.* at 2. Sixth, Plaintiff reiterates that he was subject to a hostile work

environment due to Defendant's failure to resolve his complaints, adding that the duration of his

suffering was sixty-six days. *See id.* Seventh, Plaintiff makes additional allegations about a gym

teacher using aerosol sprays and someone manipulating the air conditioners where he worked,

apparently in a conspiracy against him. *See id.* Eighth, Plaintiff adds that the areas where he

worked were not properly ventilated and that an employee of Defendant recorded him wearing

---

[1] Although this objection could be read as a specific objection to a portion of the R&R, and does
not merely repeat the allegations in the complaint or improperly assert new allegations, Plaintiff
misconstrues Magistrate Judge Lovric's analysis. Magistrate Judge Lovric explained that the
complaint alleges Plaintiff was terminated in October 2023 because "he informed Nate G. that
Blake S. filed for overtime to complete work that Nate G. actually completed[,]" Dkt. No. 5 at 9,
and the complaint fails to allege that the termination was based on any opposition to
discrimination and is too attenuated from the December 2022 report of sexual harassment to draw
an inference of causation, *see id.* at 9-10.

plastic around his shoes while Plaintiff performed lawn care.  *See id.*  In his ninth and final

objection, Plaintiff mentions an incident where his hand was jammed between a refrigerator and a

doorway, causing an injury to his left pinky finger.  *See id.*  This incident was not mentioned in

the complaint.  *See id.*; *see generally* Dkt. No. 1.

Points five, seven, eight, nine, and part of point one add new information that was not

before Magistrate Judge Lovric at the time of his decision.  *See* Dkt. Nos. 1, 6.  Although it is

"conceivable" that some of these new factual allegations may correct the pleading defects

identified by Magistrate Judge Lovric, the proper place for the addition of factual allegations "is

in an amended complaint . . . ."  *Syfert v. City of Rome*, No. 6:17-CV-0578, 2017 WL 5195230, *3

(N.D.N.Y. Nov. 9, 2017) ("[S]pecial solicitude is not a license to piece together an actionable

pleading through a prolix complaint and a prolix objection to a report-recommendation, especially

when the product contains a shotgun spray of factual allegations that a defendant must (somehow)

admit or deny under Fed. R. Civ. P. 8(b)(1)(B)").  Moreover, points one, three, four, and six

"merely recite the same arguments presented to the magistrate judge," and therefore do not

constitute proper objections.  *O'Diah*, 2011 WL 933846, at *1.

In sum, most of Plaintiff's objections merely reiterate, bolster, or add to the allegations

contained in the complaint.  *See* Dkt. No. 6.  Each objection also fails to contest specific portions

of the R&R.  *See id.*  Indeed, Plaintiff does not contest Magistrate Judge Lovric's application of

the law and has not raised any particularized objections to the R&R's findings.  *See id.*

Accordingly, the Court reviews the R&R for clear error.[2]

---

[2] Plaintiff has also submitted six attachments to his objections, which contain pictures, purported
witness statements, text messages, and emails.  *See* Dkt. Nos. 6-1 to 6-6.  Plaintiff cannot bolster
his allegations with exhibits that were not part of the record presented to Magistrate Judge Lovric;
therefore, the Court declines to consider these exhibits.  *See Kelsey v. Kessel*, No. 1:21-CV-0911,
2021 WL 5277195, *4 n.4 (N.D.N.Y. Nov. 12, 2021) (citation omitted).

**C.    Title VII**

As an overarching matter with respect to Plaintiff's Title VII claims, the Court agrees with Magistrate Judge Lovric that, because the complaint alleges that Plaintiff filed charges with the EEOC on or about April 12, 2024, *see* Dkt. No. 1 at 5, discrete adverse actions occurring before June 17, 2023 are time-barred, *see* Dkt. No. 5 at 7.  The Second Circuit has recognized that "[u]nder Title VII, plaintiffs must file a charge with the EEOC 'within 180 [days] or, in states like New York that have local administrative mechanisms for pursuing discrimination claims, 300 days "after the alleged unlawful employment practice occurred."'"  *King v. Aramark Servs. Inc*, 96 F.4th 546, 559 (2d Cir. 2024) (quoting *Vega v. Hempstead Union Free Sch. Dist.*, 801 F.3d 72, 78-79 (2d Cir. 2015)).

*1.    Title VII Retaliation*

On the Title VII retaliation claim, Magistrate Judge Lovric correctly noted that the alleged threat of termination (as opposed to the termination itself) if Plaintiff told anyone about the Boris incident allegedly took place around December 2022.  Dkt. No. 1 at 3; *see* Dkt. No. 5 at 8-9.  Thus, on that basis, the retaliation claim is time-barred under the 300-day requirement imposed by Title VII.

To the extent that Plaintiff's Title VII retaliation claim is premised on his alleged termination in October 2023, the Court agrees with Magistrate Judge Lovric that the complaint fails to allege a causal connection between any protected activity and Plaintiff's termination.  *See* Dkt. No. 5 at 9-10.  Title VII retaliation plaintiffs must prove but-for causation, and can "meet this burden by 'showing that the protected activity [against which the defendant allegedly retaliated] was followed closely by discriminatory treatment . . . .'"  *Guerrero v. Albany Med. Health Sys.*, No. 1:24-cv-01344, 2025 WL 2645540, *12 (N.D.N.Y. Sept. 15, 2025) (quoting *Bader v. Special*

*Metals Corp.*, 985 F. Supp. 2d 291, 324 (2d Cir. 2013)).  "In general, a temporal gap of less than

two months is sufficient to give rise to an inference of causation."  *Bader*, 985 F. Supp. 2d at 324.

Here, the facts alleged in the complaint do not support such an inference.  Indeed, the ten-month

gap between Plaintiff's alleged protected activity in December 2022 and the alleged adverse

action of Plaintiff's termination in October 2023, without allegations that plausibly suggest

retaliatory animus, is too attenuated to support a retaliation claim.  Thus, Magistrate Judge Lovric

correctly concluded that Plaintiff failed to allege facts that plausibly suggest Defendant terminated

Plaintiff in retaliation for his report about Boris.  *See* Dkt. No. 5 at 10.

To the extent Plaintiff premises his Title VII retaliation claim on inaccurate negative

evaluations, assignment to less favorable tasks, assignment of additional duties, and a change in

the hours he was assigned to work, the Court agrees with Magistrate Judge Lovric that a response

from Defendant is warranted.  To properly plead a retaliation claim in the Second Circuit,

Plaintiff must allege: "(1) '[he] participated in an activity protected by Title VII' . . . ; (2) the

employer knew about [his] participation; (3) 'the employer "subjected [him] to a materially

adverse" action thereafter'; and (4) 'a "causal connection" existed between the "protected activity"

and the adverse action.'"  *Guerrero*, 2025 WL 2645540, at \*10 (quoting *Moll v. Telesector Res.

Grp., Inc.*, 94 F.4th 218, 239 (2d Cir. 2024)).  As Magistrate Judge Lovric pointed out, Plaintiff's

alleged protected activity was his report of Boris's behavior.  Likewise, Plaintiff alleges

Defendant's knowledge of that activity because he made the report to a designated HR

representative.  Furthermore, the Court agrees with Magistrate Judge Lovric that the purported

negative evaluations, unfavorable assignments, and undesirable change in work hours plausibly

rise to the level of materially adverse actions.  Dkt. No. 5 at 10-11; *see also Feingold v. New

York*, 366 F.3d 138, 152 (2d Cir. 2004) (citation omitted) (identifying termination, demotion, "a

less distinguished title," "material loss of benefits," and "significantly diminished material responsibilities" as adverse employment actions). Finally, as Magistrate Judge Lovric stated, the complaint alleges that Defendant subjected Plaintiff to the adverse employment actions because he exercised his rights. Dkt. No. 5 at 11 (citing Dkt. No. 1 at 13). Thus, in light of Plaintiff's *pro se* status, the Court directs Defendant to respond to this portion of Plaintiff's Title VII retaliation claim.

### 2. Title VII Discrimination

The Court agrees with Magistrate Judge Lovric that the complaint fails to adequately allege Title VII discrimination. *See* Dkt. No. 5 at 11-13. "[A]t the pleadings stage of an employment discrimination case, a plaintiff has a '*minimal* burden' of alleging facts 'suggesting an inference of discriminatory motivation.'" *Vega*, 801 F.3d at 85 (quoting *Littlejohn v. City of New York*, 795 F.3d 297, 311 (2d Cir. 2015)). Thus, a plaintiff must plead that an employer has discriminated against him by taking an adverse employment action, and that such action was "because of his race, color, religion, sex, or national origin." *Id.* Importantly, "Title VII discrimination claims do not require a showing of but-for causation. Rather, a plaintiff's claim can survive if [he] pleads facts suggesting that [his] membership in a protected class was simply a *motivating factor* behind the alleged discriminatory conduct." *Guerrero*, 2025 WL 2645540, at *8 (citing *Vega*, 801 F.3d at 85-86; 42 U.S.C. § 2000e-2(m)).

As Magistrate Judge Lovric pointed out, liberally construed, the complaint does allege that Plaintiff faced materially adverse employment actions. *See* Dkt. No. 1 at 2. However, none of the facts alleged in the complaint suggest that "the adverse employment decision[s] [were] motivated at least in part by an 'impermissible reason,' *i.e.*, a discriminatory reason." *Vega*, 801 F.3d at 87 (citations omitted). Thus, the Court agrees with Magistrate Judge Lovric that nothing

in the complaint supports an inference that Plaintiff's sex motivated his reassignment to less favorable tasks, changes in his hours, or other adverse actions against him in any way.  Therefore, Plaintiff fails to state a Title VII discrimination claim, and this cause of action is dismissed.

### 3. Title VII Hostile Work Environment

The Court further concludes that Magistrate Judge Lovric appropriately determined the complaint fails to adequately allege a hostile work environment claim under Title VII.  *See* Dkt. No. 5 at 13-14.  To plead a Title VII hostile work environment claim, "a plaintiff must plead facts that would tend to show that the complained of conduct: (1) 'is objectively severe or pervasive— that is, . . . creates an environment that a reasonable person would find hostile or abusive'; (2) creates an environment 'that the plaintiff subjectively perceives as hostile or abusive'; and (3) 'creates such an environment because of the plaintiff's [protected class membership].'" *Patane v. Clark*, 508 F.3d 106, 113 (2d Cir. 2007) (quoting *Gregory v. Daly*, 243 F.3d 687, 691-92 (2d Cir. 2001)).

Even assuming that the first two elements are met, Magistrate Judge Lovric is correct that Plaintiff fails to show how any of the hostile conditions he allegedly experienced were inflicted because of his sex or other protected characteristic.  *See* Dkt. No. 5 at 13-14.  Furthermore, even if Plaintiff's interaction with Boris in December 2022 rises to the level of sexual harassment and a possible hostile work environment, Magistrate Judge Lovric is correct that Plaintiff fails to allege any facts suggesting he filed his EEOC charge within 300 days of that incident.  *Id.* at 14. Therefore, Plaintiff's Title VII hostile work environment claim is dismissed.

### D. ADA

The Court agrees with Magistrate Judge Lovric that Plaintiff's complaint fails to state an ADA claim upon which relief can be granted.  *See id.* at 17.  To state a *prima facie* case under the

ADA, Plaintiff must allege: "(1) his employer is subject to the ADA; (2) he was disabled within the meaning of the ADA; (3) he was otherwise qualified to perform the essential functions of his job, with or without reasonable accommodation; and (4) he suffered adverse employment action because of his disability." *Giordano v. City of New York*, 274 F.3d 740, 747 (2d Cir. 2001) (citation omitted). Furthermore, the Second Circuit has made clear that ADA claims use a but-for causation standard. *Natofsky v. City of New York*, 921 F.3d 337, 348 (2d Cir. 2019).

As Magistrate Judge Lovric correctly pointed out, even assuming that Plaintiff's employer is subject to the ADA, Plaintiff's "workplace asthma" is a disability within the meaning of the ADA, and that he was otherwise qualified to perform the essential functions of his job, the complaint fails at the causation element. *See* Dkt. No. 5 at 16. Magistrate Judge Lovric properly considered Plaintiff's complaint and correctly decided that "Plaintiff fails to allege facts plausibly suggesting an inference of discrimination on the basis of his disability." *Id.* The Court therefore agrees with Magistrate Judge Lovric that Plaintiff has not stated a claim for discrimination under the ADA, and this claim is dismissed.

### E.    OSHA

Magistrate Judge Lovric also properly determined that Plaintiff does not have standing to sue his employer under the Occupational Safety and Health Act. *See id.* at 17. "Under OSHA, employees do not have a private right of action." *Donovan v. Occupational Safety & Health Rev. Comm'n*, 713 F.2d 918, 926 (2d Cir. 1983) (citations omitted). Therefore, Plaintiff's OSHA claim is dismissed with prejudice.

### F.    FLSA Retaliation

The Court agrees with Magistrate Judge Lovric's conclusion that Plaintiff's FLSA retaliation claim warrants a response. *See* Dkt. No. 5 at 18. As Magistrate Judge Lovric pointed

out, "a plaintiff alleging retaliation under [the] FLSA must . . . show[] (1) participation in protected activity known to the defendant . . . ; (2) an employment action disadvantaging the plaintiff; and (3) a causal connection between the protected activity and the adverse employment action." *Mullins v. City of New York*, 626 F.3d 47, 53 (2d Cir. 2010) (citation omitted).  As with Title VII retaliation, a causal connection can be established through a showing of temporal proximity between the protected activity and the adverse employment action.  *See id.* (citation omitted).

Magistrate Judge Lovric is correct that the complaint may be read liberally to allege that Plaintiff reported unsafe working conditions and that he was subject to adverse employment actions soon thereafter.  *See* Dkt. No. 5 at 18 (citing Dkt. No. 1 at 13).  Accordingly, in light of Plaintiff's *pro se* status, the Court sees no clear error in Magistrate Judge Lovric's recommendations on this cause of action.  Defendant is ordered to file a response to Plaintiff's FLSA claim.

## G.    NYSHRL

Lastly, Magistrate Judge Lovric correctly recommended dismissal of Plaintiff's claim pursuant to the New York State Human Rights Law, since Plaintiff does not allege that he complied with the statutory notice of claim requirements.  *See id.* at 18-20.  New York Education Law § 3813(1) requires that a notice of claim be served on the governing body of a board of cooperative educational services ("BOCES") within three months of accrual as a condition precedent to suit against that BOCES.  *See* N.Y. Educ. Law § 3813(1).  Although an EEOC charge may "satisfy the notice of claim requirement" if it puts the defendant on adequate notice of the plaintiff's allegations, *Bernheim v. N.Y.C. Dep't of Educ.*, No. 19-CV-9723, 2020 WL 3865119, *6 (S.D.N.Y. July 9, 2020), Magistrate Judge Lovric correctly noted that Plaintiff's civil

complaint fails to allege that the EEOC charge put Defendant's governing body on notice within the statutory timeframe.  *See* Dkt. No. 5 at 19-20.  Therefore, this claim is dismissed.

## IV. CONCLUSION

After carefully reviewing the entire record in this matter, the parties' submissions, and the applicable law, and for the reasons set forth above, the Court hereby

**ORDERS** that Magistrate Judge Lovric's Order and Report-Recommendation (Dkt. No. 5) is **ADOPTED in its entirety**; and the Court further

**ORDERS** that Plaintiff's claim pursuant to OSHA is **DISMISSED with prejudice and without leave to replead**; and the Court further

**ORDERS** that Plaintiff's Title VII discrimination claim, Title VII hostile work environment claim, Title VII retaliation claim based on his termination, ADA claim, and NYSHRL claim are **DISMISSED without prejudice and with leave to replead**; and the Court further

**ORDERS** that the Clerk of the Court shall issue a summons and forward it with a copy of the complaint and this Memorandum-Decision and Order to the United States Marshal for service; and the Court further

**ORDERS** that Defendant file a response to: (1) Plaintiff's Title VII retaliation claim based on inaccurate negative evaluations, assignment to less favorable tasks, assignment of additional duties, and a change in the hours he was assigned to work; and (2) Plaintiff's FLSA retaliation claim; and the Court further

**ORDERS** that the Clerk of the Court shall serve a copy of this Memorandum-Decision and Order on Plaintiff in accordance with the Local Rules.

**IT IS SO ORDERED.**

Dated:  December 23, 2025
       Albany, New York

Mae A. D'Agostino
U.S. District Judge