**UNITED STATES DISTRICT COURT**
**NORTHERN DISTRICT OF NEW YORK**

---

**JAMES NELSON,**

**Plaintiff,**

**vs.** **1:25-CV-524 (MAD)**

**WSWHE BOCES,**

**Defendant.**

---

**APPEARANCES:** **OF COUNSEL:**

**JAMES NELSON**
Hudson Falls, New York
Plaintiff, *pro se*

**GIRVIN & FERLAZZO, P.C.** **SCOTT P. QUESNEL, ESQ.**
20 Corporate Woods Boulevard
Albany, New York 12211
Attorney for Defendant

**Mae A. D'Agostino, U.S. District Judge:**

## MEMORANDUM-DECISION AND ORDER

## I. INTRODUCTION

On April 29, 2025, Plaintiff James Nelson ("Plaintiff") filed a complaint, *pro se*, against Defendant Washington-Saratoga-Warren-Hamilton-Essex Board of Cooperative Educational Services ("WSWHE BOCES" or "Defendant"), alleging civil rights violations in connection with his employment as a custodian at WSWHE BOCES. *See* Dkt. No. 1. In the complaint, Plaintiff alleges violations of the Fair Labor Standards Act ("FLSA"), the Americans with Disabilities Act

("ADA"), Title VII of the Civil Rights Act of 1964 ("Title VII"), the Occupational Safety and Health Act ("OSHA"), and the New York State Human Rights Law ("NYSHRL").[1] *See id.* at 13.[2]

On September 17, 2025, Magistrate Judge Miroslav Lovric issued an Order and Report-Recommendation granting Plaintiff's application to proceed *in forma pauperis*, *see* Dkt. No. 2, and recommending that the complaint be accepted in part and dismissed in part. *See* Dkt. No. 5 at 1. On October 1, 2025, Plaintiff filed objections to the Order and Report-Recommendation. *See* Dkt. No. 6.

On December 23, 2025, the Court issued a Memorandum-Decision and Order adopting Magistrate Judge Lovric's Order and Report-Recommendation. *See* Dkt. No. 7. In the decision, the Court dismissed with prejudice Plaintiff's OSHA claim. *See id.* at 12. The Court dismissed without prejudice and with leave to replead Plaintiff's Title VII discrimination claim, Title VII hostile work environment claim, Title VII retaliation claim based on his termination, ADA claim, and NYSHRL claim. *See id.* The Court ordered that "Defendant file a response to: (1) Plaintiff's Title VII retaliation claim based on inaccurate negative evaluations, assignment to less favorable tasks, assignment of additional duties, and a change in the hours he was assigned to work; and (2) Plaintiff's FLSA retaliation claim . . . ." *Id.* Despite the Court granting Plaintiff leave to replead certain claims, *see id.*, Plaintiff did not file an amended complaint.

Defendant filed a motion to dismiss the complaint on April 6, 2026, pursuant to Federal Rule of Civil Procedure 12(b)(6). *See* Dkt. No. 21. In its motion, Defendant raises two primary arguments: (1) Plaintiff's FLSA retaliation claim must be dismissed with prejudice because

---

[1] As relief, Plaintiff requests the following: that a "[v]ery harsh penalty" be imposed on Defendant; the reinstatement of employment for Nathan Guay, a senior custodian who Plaintiff alleges was terminated "because he testified on [Plaintiff's] behalf at [a] Section 75 hearing"; "a few years[']" back salary; and future lost wages, benefits, and retirement. Dkt. No. 1 at 12.

[2] Citations are to the pagination generated by CM/ECF in the pages' headers.

Plaintiff has not alleged protected activity under the FLSA that was known to Defendant; and (2) Plaintiff's Title VII retaliation claim must be dismissed or, in the alternative, be limited to only those events that are timely. *See* Dkt. No. 21-1 at 2. Plaintiff filed a response opposing the motion. *See* Dkt. Nos. 23, 24, 26. Defendant filed a reply on May 4, 2026. Dkt. No. 25. Plaintiff filed a sur-reply. *See* Dkt. Nos. 27, 30, 34.[3]

For the reasons stated below, the Court grants Defendant's motion to dismiss.

## II. BACKGROUND

For a full recitation of the general, factual background, the Court refers the parties to Magistrate Judge Lovric's Order and Report-Recommendation, *see* Dkt. No. 5 at 1-4, as well as the Court's December 23, 2025, Memorandum-Decision and Order, *see* Dkt. No. 7.

As to the FLSA retaliation claim, Plaintiff alleges that he reported unsafe working conditions involving exposure to aerosol sprays, chemical odors, dust, allergens, and debris, *see* Dkt. No. 1 at 9-10, and that because of his reporting, he experienced adverse and "retaliatory" employment actions, *id.* at 13. Regarding wages, Plaintiff's allegations concern his observations of the overtime work of another employee. *See id.* at 10. Plaintiff alleges he informed Nate Guay, a coworker, that another colleague, Blake Sunday, attempted to receive overtime pay for

[3] Plaintiff filed a sur-reply on May 9, 2026. *See* Dkt. No. 27. Plaintiff later requested leave to file a sur-reply, Dkt. No. 31, and filed an amended sur-reply with attached exhibits, Dkt. No. 30. Plaintiff then filed a second amended sur-reply. *See* Dkt. No. 34. The first sur-reply, Dkt. No. 27, is nearly identical to the first amended sur-reply, Dkt. No. 30, except for the addition of Plaintiff's signature and exhibits. The substance of the second amended sur-reply, Dkt. No. 34, appears to be the same as the first amended sur-reply, but the order of paragraphs differs, and it does not include any exhibits. The Court will cite the second amended sur-reply as the most recent, operative sur-reply. However, regardless of the differences, "[i]t is hornbook law that new arguments and evidence are not properly presented in a reply memorandum of law." *Barrows v. Brinker Rest. Corp.*, No. 5:19-CV-144, 2020 WL 1511077, *2 (N.D.N.Y. Mar. 30, 2020); *see also Knipe v. Skinner*, 999 F.2d 708, 711 (2d Cir. 1993) ("Arguments may not be made for the first time in a reply brief").

work completed by Guay. *See id.*; *see also* Dkt. No. 26 at 2. Plaintiff alleges that because he reported someone else attempting to receive fraudulent overtime pay, he was terminated from his employment with Defendant. *See* Dkt. No. 1 at 10.

As to the Title VII retaliation claim, Plaintiff's allegations concern his interactions with a coworker identified as "Boris." *Id.* at 3. Plaintiff alleges that Boris made inappropriate verbal advances toward Plaintiff and pushed his body against Plaintiff's without Plaintiff's permission numerous times in late December 2022. *See id.* Plaintiff alleges he "told" "[t]he HR lady" "what happen[ed and] she said don't tell anyone about it or you can be terminated." *Id.*; *see also* Dkt. No. 5 at 9. Plaintiff allegedly experienced adverse consequences, including assignments to less favorable tasks and fewer assigned hours after reporting Boris's conduct. *See* Dkt. No. 1 at 9, 13.

## III. DISCUSSION

### A. Legal Standard

A motion to dismiss for failure to state a claim pursuant to Rule 12(b)(6) of the Federal Rules of Civil Procedure tests the legal sufficiency of the party's claim for relief. *See Patane v. Clark*, 508 F.3d 106, 111-12 (2d Cir. 2007) (citation omitted). In considering the legal sufficiency, a court must accept as true all well-pleaded facts in the pleading and draw all reasonable inferences in the pleader's favor. *See ATSI Commc'ns, Inc. v. Shaar Fund, Ltd.*, 493 F.3d 87, 98 (2d Cir. 2007) (citation omitted). This presumption of truth, however, does not extend to legal conclusions. *See Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (citation omitted). Although a court's review of a motion to dismiss is generally limited to the facts presented in the pleading, the court may consider documents that are "integral" to that pleading, even if they are neither physically attached to, nor incorporated by reference into, the pleading. *See Mangiafico v.*

*Blumenthal*, 471 F.3d 391, 398 (2d Cir. 2006) (quoting *Chambers v. Time Warner, Inc.*, 282 F.3d 147, 152-53 (2d Cir. 2002)).

To survive a motion to dismiss, a party need only plead "a short and plain statement of the claim," FED. R. CIV. P. 8(a)(2), with sufficient factual "heft to 'sho[w] that the pleader is entitled to relief[,]'" *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 557 (2007) (citation omitted). Under this standard, the pleading's "[f]actual allegations must be enough to raise a right of relief above the speculative level," *see id.* at 555 (citation omitted), and present claims that are "plausible on [their] face," *id.* at 570. "The plausibility standard is not akin to a 'probability requirement,' but it asks for more than a sheer possibility that a defendant has acted unlawfully." *Iqbal*, 556 U.S. at 678 (citation omitted). "Where a complaint pleads facts that are 'merely consistent with' a defendant's liability, it 'stops short of the line between possibility and plausibility of "entitlement to relief."'" *Id.* (quoting *Twombly*, 550 U.S. at 557). Ultimately, "when the allegations in a complaint, however true, could not raise a claim of entitlement to relief," *Twombly*, 550 U.S. at 558, or where a plaintiff has "not nudged [its] claims across the line from conceivable to plausible, the[ ] complaint must be dismissed[,]" *id.* at 570.

Courts afford *pro se* plaintiffs "special solicitude." *Ruotolo v. I.R.S.*, 28 F.3d 6, 8 (2d Cir. 1994) (citing *Graham v. Lewinski*, 848 F.2d 342, 344 (2d Cir. 1988)). "[I]n a *pro se* case, the court must view the submissions by a more lenient standard than that accorded to 'formal pleadings drafted by lawyers.'" *Govan v. Campbell*, 289 F. Supp. 2d 289, 295 (N.D.N.Y. 2003) (quoting *Haines v. Kerner*, 404 U.S. 519, 520 (1972)) (other citations omitted). The Second Circuit has held that the court is obligated to "make reasonable allowances to protect *pro se* litigants" from inadvertently forfeiting legal rights because of a lack of formal, legal training. *Govan*, 289 F. Supp. 2d at 295 (quoting *Traguth v. Zuck*, 710 F.2d 90, 95 (2d Cir. 1983)). As

such, this Court "must construe [a *pro se* complaint] broadly, and interpret [it] to raise the strongest arguments that [it] suggests." *Weixel v. Bd. of Educ.*, 287 F.3d 138, 146 (2d Cir. 2002) (citation omitted).

In ruling on a motion to dismiss, district courts generally limit their review to "'facts stated on the face of the complaint, in documents appended to the complaint or incorporated in the complaint by reference, and to matters of which judicial notice may be taken.'" *Boyd v. New York*, No. 1:25-CV-169, 2026 WL 171909, *3 (N.D.N.Y. Jan. 22, 2026) (quoting *Leonard F. v. Isr. Disc. Bank of N.Y.*, 199 F.3d 99, 107 (2d Cir. 1999)). When a "[p]laintiff is proceeding *pro se*, the Court 'may consider new facts raised in opposition papers to the extent that they are consistent with the complaint, treating the new factual allegations as amending the original complaint.'" *Gonzalez v. Baart*, No. 5:21-CV-01379, 2023 WL 8818302, *4 (N.D.N.Y. Dec. 20, 2023) (quoting *Davila v. Lang*, 343 F. Supp. 3d 254, 267 (S.D.N.Y. Oct. 23, 2018)). "However, the Court may only consider this claim if it could have been asserted based on the facts alleged in the complaint, and not if the claim is an entirely new cause[ ] of action." *Id.* (citations omitted) (internal quotation marks omitted).

**B. FLSA Claim**

Plaintiff claims he experienced retaliation under the FLSA. Plaintiff alleges he reported "unsafe working conditions and harassment," including "exposure to chemicals and allergens," as well as "debris" and "dust clouds." Dkt. No. 1 at 9, 13. Plaintiff contends he was diagnosed with a lung infection caused by harmful debris and aerosols used by school staff, and that he takes asthma medication and has difficulty breathing. *See id.* at 10; *see also* Dkt. No. 6 at 1. Plaintiff alleges that, due to his reporting of these conditions, he was "reassigned to less favorable tasks, and [his] hours were manipulated to punish [him] for speaking up." Dkt. No. 1 at 13. Plaintiff

further asserts that he reported concerns regarding the overtime work of other employees, which ultimately resulted in his termination. *See id.* at 10.

Defendant argues that Plaintiff's FLSA retaliation claim must be dismissed because he has not alleged protected activity known to WSWHE BOCES. *See* Dkt. No. 21-1 at 9; *see also* Dkt. No. 25 at 9. In his second amended sur-reply, Plaintiff contends that "Nathan Guay was most certainly a senior supervisor custodian. He directed everyone on the night crew and acted as an agent of the employer[,]" and "[r]eporting harassment or discrimination to any supervisor is protected activity." Dkt. No. 34 at 1; *see also* Dkt. No. 26 at 1-2.

The FLSA provides federal minimum wage standards and overtime protection for certain employees. *See* 29 U.S.C. §§ 206, 207. "The FLSA was enacted to remedy 'labor conditions detrimental to the maintenance of the minimum standard of living necessary for health, efficiency, and general well-being of workers.'" *Marcotte v. City of Rochester*, 677 Fed. Appx. 723, 726 (2d Cir. 2017) (summary order) (quoting 29 U.S.C. § 202(a)). The statute prohibits employers from "discharg[ing] or in any other manner discriminat[ing] against any employee because such employee has filed any complaint or instituted or caused to be instituted any proceeding under or related to" the FLSA. 29 U.S.C. § 215(a)(3). "[A] plaintiff alleging retaliation under FLSA must . . . [allege] (1) participation in protected activity known to the defendant, like the filing of a FLSA lawsuit; (2) an employment action disadvantaging the plaintiff; and (3) a causal connection between the protected activity and the adverse employment action." *Mullins v. City of New York*, 626 F.3d 47, 53 (2d Cir. 2010) (citation omitted). "[A] causal connection can be established through a showing of temporal proximity between the protected activity and the adverse employment action." Dkt. No. 7 at 11 (citing *Mullins*, 626 F.3d at 53).

To fall within the scope of protected activity, an employee "need not invoke the Act by name," but a complaint must be "sufficiently clear and detailed for a reasonable employer to understand it, in light of both content and context, as an assertion of rights protected by the statute and a call for their protection." *Greathouse v. JHS Sec. Inc.*, 784 F.3d 105, 116 (2d Cir. 2015) (quoting *Kasten v. Saint-Gobain Performance Plastics Corp.*, 563 U.S. 1, 14 (2011)). Both oral and written complaints can suffice; however, "'a complaint is "filed" [only] when a reasonable, objective person would have understood the employee to have put the employer on notice that the employee is asserting statutory rights under the Act.'" *Id.* at 116 (quoting *Kasten*, 563 U.S. at 14).[4]

***1. FLSA-Protected Activity***

Here, Plaintiff has not plausibly alleged a claim for retaliation under the FLSA. Plaintiff has not sufficiently alleged FLSA-protected activity by bringing complaints regarding fragrances, chemicals, odors, and debris in his workplace. *See, e.g.*, *Dunn v. Sederakis*, 143 F. Supp. 3d 102, 113 (S.D.N.Y. 2015) (granting motion to dismiss because the plaintiff's allegations did not sufficiently give rise to an inference that the employer would have recognized the complaints to have asserted violations of the FLSA); *Kassman v. KPMG LLP*, 925 F. Supp. 2d 453, 473 (S.D.N.Y. 2013) (stating that "general[]" complaints about discrimination and harassment do not constitute protected activity). Indeed, Plaintiff's allegations pertain to his workplace conditions,

[4] Once a plaintiff has established a *prima facie* case for retaliation under the FLSA, "the burden then shifts to the employer to articulate a legitimate, nondiscriminatory reason for the adverse employment action." *Quintanilla v. Suffolk Paving Corp.*, No. 09-CV-5331, 2019 WL 885933, *19 (E.D.N.Y. Feb. 22, 2019); *see generally McDonnell Douglas Corp. v. Green*, 411 U.S. 792 (1973). If the employer is successful, "the burden shifts back to the employee to produce evidence showing that the employer's proffered reason is pretextual." *Id.* Because Plaintiff fails to state a *prima facie* retaliation claim, the Court need not address these burdens.

rather than complaints regarding wages or violations of his rights under the FLSA. *See Hassan v. Gen. Motors LLC*, No. 1:25-CV-79, 2026 WL 2272586, *4 (W.D.N.Y. Feb. 26, 2026) ("[A] complaint or proceeding 'under or related to' the FLSA must relate to issues concerning minimum wage, maximum hours, overtime compensation, or child labor") (citation omitted). As Defendant properly points out, OSHA, 29 U.S.C. § 651 *et seq.*, not the FLSA, is the appropriate "federal regime for occupational safety conditions."[5] Dkt. No. 21-1 at 11; *see, e.g.*, *Momot v. Dziarcak*, 208 F. Supp. 3d 450, 460-61 (N.D.N.Y. 2016) ("[OSHA] mandates that an employer 'furnish' every employee 'employment and a place of employment which are free from recognized hazards that are causing or are likely to cause death or serious physical harm to his employees' and comply with safety rules").[6]

Regardless, Plaintiff's allegations regarding wages do not constitute protected activity under the FLSA. Although Plaintiff complained about a colleague's purportedly fraudulent claim for overtime wages, Plaintiff has not alleged any facts regarding his own claim to wages owed by his employer under federal law. *See, e.g.*, *Pareja v. 184 Food Corp.*, No. 1:18-CV-05887, 2021

---

[5] In recommending that a response be required to Plaintiff's FLSA retaliation claim, Magistrate Judge Lovric acted "[o]ut of an abundance of caution, mindful of the Second Circuit's instruction that a *pro se* plaintiff's pleadings must be liberally construed . . . ." Dkt. No. 5 at 18. This Court agreed. *See* Dkt. No. 7 at 11 (stating that "Magistrate Judge Lovric is correct that the complaint may be read liberally to allege that Plaintiff reported unsafe working conditions and that he was subject to adverse employment actions soon thereafter") (citing Dkt. No. 5 at 18).

[6] Magistrate Judge Lovric cited *Patel v. Baluchi's Indian Restaurant*, No. 08 Civ. 9985, 2009 WL 2358620, *11 (S.D.N.Y. July 30, 2009) for the premise that a complaint about "substandard and unsafe working conditions, low wages, and lack of benefits" may constitute FLSA-protected activity. Dkt. No. 5 at 18. Defendant argues that *Patel* does not stand for that proposition. *See* Dkt. No. 21-1 at 13. The Court agrees that *Patel* is primarily a case about unpaid wages, rather than substandard and unsafe working conditions, and the court considered the addition of a claim under New York Labor Law § 215.1, a state retaliation statute. *See Patel*, 2009 WL 2358620, at *1-2, n.4. Thus, *Patel* does not lend support to Plaintiff plausibly alleging FLSA-protected activity in a retaliation claim by reporting unsafe conditions.

WL 3109621, *6 (S.D.N.Y. July 22, 2021) ("'To state an FLSA minimum wage or overtime claim, a plaintiff must allege that [he] was the defendant's employee, that [his] work involved interstate activity, and that [he] worked hours for which [he] did not receive minimum or overtime wages'") (quoting *Zokirzoda v. Acri Cafe Inc.*, No. 18-CV-11630, 2020 WL 359908, *2 (S.D.N.Y. Jan. 22, 2020)). The combination of allegations of workplace hazards and the overtime pay of a colleague more closely resembles a "litany" of complaints that include "non-FLSA matters," rather than plausibly alleging claims regarding Plaintiff's own rights to overtime payments or minimum wage under the FLSA. *Dunn*, 143 F. Supp. 3d at 113 ("[Plaintiff] presented . . . employees with a litany of complaints that plainly concerned non-FLSA matters, accompanied by an unelaborated reference to 'earned, unpaid compensation for overtime work hours' or words to similar effect") (footnote omitted). Plaintiff further alleges that he spoke to a senior staff member about his hours "and how [he] wanted overtime" pay to purchase a house. Dkt. No. 1 at 9. Expressing a desire to take on additional hours does not constitute an overtime claim that would put Defendant on notice of an FLSA-protected activity. *See Pareja*, 2021 WL 3109621, at *6.

Plaintiff also fails to allege protected activity that was "known to" Defendant. *See Mullins*, 626 F.3d at 53 (citation omitted). Even though Plaintiff contends that Nate Guay was a "senior supervisor custodian[,]" Dkt. No. 34 at 1, 3, his claims substantively do not pertain to FLSA-protected activity such that his employer would have been on notice that Plaintiff was asserting his own FLSA rights, *see Dunn*, 143 F. Supp. 3d at 113 (explaining that the plaintiff's

"opaque and unexplicated reference to 'overtime'" rather than "clear articulation of facts indicative of illegality" did not claim a violation of the FLSA).[7,8]

Based upon the foregoing, Plaintiff has not plausibly alleged an FLSA retaliation claim against Defendant.

**C. Title VII Claim**

Plaintiff's Title VII retaliation claim concerns his interactions with Boris, a coworker who allegedly harassed Plaintiff. *See* Dkt. No. 1 at 3. Plaintiff alleges he filed a charge of discrimination with the New York State Division on Human Rights, the New York City Commission on Human Rights, or the Equal Employment Opportunity Commission ("EEOC") on or about April 12, 2024. *Id.* at 5. Plaintiff alleges that the EEOC issued a Notice-of-Right-to-Sue letter that Plaintiff received on or about March 8, 2025. *Id.* Plaintiff alleges that he reported Boris's behavior to Defendant's human resources department, and as a result, suffered consequences, such as assignments to less favorable tasks and fewer hours. *See id.* at 9, 13. In its

---

[7] Here, the Court considers the factual allegations in Plaintiff's *pro se* responsive briefing because they elaborate on the facts alleged in the complaint rather than assert a new cause of action. *See supra* § A; *see, e.g.*, *Walker v. Schult*, 717 F.3d 119, 122 n.1 (2d Cir. 2013) ("A district court deciding a motion to dismiss may consider factual allegations made by a *pro se* party in his papers opposing the motion") (citing *Gill v. Mooney*, 824 F.2d 192, 195 (2d Cir. 1987)); *see also Boyd*, 2026 WL 171909, at *3("[F]or *pro se* plaintiffs, the Court *may* consider 'materials outside the complaint to the extent that they are consistent with the allegations in the complaint'") (citation omitted) (emphasis added). Still, even considering the response and sur-replies rather than solely the complaint, Plaintiff fails to state a claim.

[8] Plaintiff alleges that Kevin B., a "[s]enior staff member at SAEC WSWHE BOCES[,]" knew about the overtime incident: "There was also an incident report filled out and left for Kevin B. about what happen[ed]" regarding his observations of the allegedly fraudulent overtime. Dkt. No. 1 at 9. "The sheet was gone the next[ ]day as well as the overtime sheets but that's when I told Nate G.[,]" who then told Kevin B. *Id.* Because Plaintiff does not allege specific facts regarding the content of the incident report or what he told the senior staff member, Kevin B., regarding the incident, Plaintiff does not plausibly allege that he engaged in protected activity known to Defendant.

motion, Defendant argues "Plaintiff offers no allegations that, accepted as true, would connect those adverse employment actions to his expression of concern about his coworker in December 2022." Dkt. No. 21-1 at 17.

Title VII prohibits employment discrimination based on an individual's "race, color, religion, sex, or national origin . . . ." 42 U.S.C. § 2000e-3(b). In the Second Circuit, to plead a retaliation claim under Title VII, a plaintiff must allege: "(1) '[he] participated in an activity protected by Title VII' . . . ; (2) the employer knew about [his] participation; (3) 'the employer "subjected [him] to a materially adverse" action thereafter'; and (4) 'a "causal connection" existed between the "protected activity" and the adverse action.'" *Guerrero v. Albany Med. Health Sys.*, No. 1:25-CV-1344, 2025 WL 2645540, *10 (N.D.N.Y. Sept. 15, 2025) (quoting *Moll v. Telesector Res. Grp., Inc.*, 94 F.4th 218, 239 (2d Cir. 2024)). The causal connection requires a showing of "but-for causation[,]" and a plaintiff can "meet this burden by 'showing that the protected activity was followed closely by discriminatory treatment, or through other circumstantial evidence.'" *Id.* at *12 (quoting *Bader v. Special Metals Corp.*, 985 F. Supp. 2d 291, 324 (N.D.N.Y. 2013)). "'In general, a temporal gap of less than two months is sufficient to give rise to an inference of causation.'" *Id.* (quoting *Bader*, 985 F. Supp. 2d at 324-25).

In Title VII cases, the timing of a plaintiff's claim is critical. "'As a precondition to filing a Title VII [and/or ADA] claim in federal court, a plaintiff must first pursue available administrative remedies and file a timely complaint with the EEOC.'" *Hardaway v. Hartford Pub. Works Dept.*, 879 F.3d 486, 489 (2d Cir. 2018) (citations omitted). The Second Circuit has recognized that "[u]nder Title VII, plaintiffs must file a charge with the EEOC within 180 [days] or, in states like New York that have local administrative mechanisms for pursuing discrimination claims, 300 days after the alleged unlawful employment practice occurred." *King v. Aramark*

*Servs. Inc.*, 96 F.4th 546, 559 (2d Cir. 2024) (quoting *Vega v. Hempstead Union Free Sch. Dist.*, 801 F.3d 72, 78-79 (2d Cir. 2015)) (internal quotation marks omitted).

***1. Causal Connection to Alleged Retaliation***

As Magistrate Judge Lovric stated, and this Court agreed, a 300-day time-bar applies in this case: "Plaintiff must have identified an adverse action occurring on or after June 17, 2023, in order to state a claim for discrimination or retaliation; any alleged discrete adverse actions occurring before that date are time-barred and cannot provide the basis for his claim." Dkt. No. 5 at 7; *see also* Dkt. No. 7 at 7. As this Court previously explained, an alleged threat of termination in December 2022 is untimely because it occurred before June 17, 2023. *See* Dkt. No. 7 at 6-7. Moreover, "[t]o the extent that Plaintiff's Title VII retaliation claim is premised on his alleged termination in October 2023, . . . the complaint fails to allege a causal connection between any protected activity and Plaintiff's termination." *Id.* at 6 (citation omitted). The Court now considers whether, to the extent the retaliation claim is premised on negative evaluations, assignment to less favorable tasks, additional duties, and a change in assigned hours, Plaintiff's claim can survive. *See id.* at 7; Dkt. No. 21-1 at 17.

Turning to the requirements for a *prima facie* retaliation claim under Title VII, Plaintiff's alleged protected activity was his report of Boris's behavior. *See* Dkt. No. 1 at 3, 5. Plaintiff alleges Defendant knew about his protected activity because he reported the harassment to a human resources representative. *See id.* The purported negative evaluations, assignment to less favorable tasks, and a change in the hours he was assigned to work "plausibly rise to the level of materially adverse actions," Dkt. No. 7 at 7 (citations omitted). However, the Court finds that Plaintiff has not sufficiently alleged a "causal connection" between the protected activity and the adverse actions. *See Rightnour v. Tiffany and Co.*, 354 F. Supp. 3d 511, 529 (S.D.N.Y. 2019)

("Because the plaintiff has not shown any causal connection between her protected activity and any adverse employment actions, she has not made out a *prima facie* case of retaliation under Title VII") (emphasis added); *see also Cruz v. Local 32BJ*, No. 22-CV-3068, 2024 WL 4357036, *21 (S.D.N.Y. Sept. 30, 2024) (granting in part motion to dismiss and holding that the plaintiff did not plausibly allege a causal connection or retaliatory motive for a Title VII claim, even when the complaint "alleged temporal proximity"). Plaintiff alleges no facts illustrating a motive connected from his report of Boris's alleged behavior to the changes in his assignments or hours. In other words, Plaintiff has not plausibly alleged that the negative consequences would not have arisen but-for his reporting, or that his reporting "was followed closely by discriminatory treatment." *Guerrero*, 2025 WL 2645540, at *12.

Even if there existed a causal connection, to the extent the alleged adverse actions "occurred before June 16, 2023, they are untimely." Dkt. No. 5 at 10 n.3. Plaintiff has not alleged specific facts to identify precisely when the changes in his employment took place. Instead, he only claims that "[a]fter" he reported unsafe working conditions and harassment, he experienced reassignment to less favorable tasks, fewer hours, and additional duties, without specifying the time elapsed between his reporting and these actions. *See* Dkt. No. 1 at 13; *see also Allen v. St. Cabrini Nursing Home, Inc.*, 198 F. Supp. 2d 442, 449 (stating that although the court afforded "the *pro se* plaintiff the benefit of every doubt" and "assume[d] . . . that she engaged in protected activity under Title VII," she still failed to establish a "causal connection between a protected activity and her adverse employment action[,]" and "[a] substantial time lag between the protected activity and the adverse employment action suffices to defeat an inference of retaliatory animus[,]" even "when as few as three months elapse") (citations omitted).

Based upon the foregoing, Plaintiff has not plausibly alleged a Title VII retaliation claim against Defendant.

## IV. CONCLUSION

After carefully reviewing the entire record in this matter, the parties' submissions and the applicable law, and for the above-stated reasons, the Court hereby

**ORDERS** that Defendant's motion to dismiss (Dkt. No. 21) is **GRANTED**; and the Court further

**ORDERS** that Plaintiff's complaint (Dkt. No. 1) is **DISMISSED with prejudice** for failure to state a claim as to the retaliation claims under Title VII and FLSA; and the Court further

**ORDERS** that the Clerk of the Court shall close the case and enter judgment in Defendant's favor; and the Court further

**ORDERS** that the Clerk of the Court shall serve a copy of this Memorandum-Decision and Order on all parties in accordance with the Local Rules.

**IT IS SO ORDERED.**

Dated: November 23, 2026
Albany, New York

Mae A. D'Agostino
U.S. District Judge